# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JESSALYN L. MARCUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1686 (EGS) |
| | ) | |
| STEVEN MNUCHIN, Secretary, | ) | |
| U.S. Department of the Treasury, *et al.*, | ) | |
| | ) | |
| Defendants.[1] | ) | |

## MEMORANDUM OPINION AND ORDER

Jessalyn Marcus, proceeding *pro se*, filed her complaint (ECF No. 1) on August 27, 2009.[2] The Court granted leave to file her first amended complaint (ECF No. 32, "Am. Compl.") on November 2, 2010. On September 22, 2011, Judge Urbina issued a Memorandum and Order (ECF Nos. 41-42) which dismissed plaintiff's claim against the federal government under the DCHRA for lack of subject matter jurisdiction, and a race discrimination claim because the amended complaint failed to state a claim against the federal government under 42 U.S.C. § 1981 for which relief could be granted. In addition, Judge Urbina dismissed plaintiff's tort claims, a

---

[1] The current Secretary of the Treasury is substituted as a party defendant pursuant to Fed. R. Civ. P. 25(d).

[2] The Court treats the original complaint as if it had been filed on the date the Clerk of Court received it, based on the date stamp on the first page of the pleading. Review of the record reflects that the Court granted plaintiff's application to proceed *in forma pauperis* on September 1, 2009 (ECF No. 2), and that the Clerk of Court officially docketed the complaint and application on September 3, 2009.

standalone "pattern or practice" claim under Title VII, and her demand for punitive damages. On February 1, 2012, counsel filed an answer (ECF No. 49) on behalf of the United States Department of the Treasury, the Bureau of Engraving and Printing, and Timothy Geithner, Lorraine Robinson, Gregory Carper, and Leonard Olijar in their official capacities.

Based on the parties' representations at an initial scheduling conference on April 5, 2012, Judge Urbina referred the case to Magistrate Judge John Facciola for settlement discussions (ECF No. 52) and appointed counsel to represent plaintiff for the limited purpose of mediation (ECF No. 53). The parties did not settle the case. After Judge Urbina's retirement, this case randomly was reassigned on April 20, 2012.

On November 26, 2012, retained counsel entered her appearance (ECF No. 56) for plaintiff. After discovery closed and discovery-related motions were resolved, plaintiff filed a motion for partial summary judgment (ECF No. 82) on February 23, 2014. Defendants filed a motion for summary judgment (ECF No. 93) on March 26, 2014. The motions had been briefed fully when plaintiff's retained counsel filed a motion to withdraw (ECF No. 110) on September 17, 2014. The Court granted the motion by minute order on September 22, 2014. Based plaintiff's representation that the parties were discussing settlement at that time, the Court stayed proceedings and referred the matter to Magistrate Judge Facciola (ECF Nos. 114-115) on September 24, 2014. The parties advised the Court (ECF No. 117) that they were unable to reach an agreement.

Plaintiff's motion for partial summary judgment does not comply with Local Civil Rule 7(h)(1), which requires that a statement of material facts as to which she contends there is no genuine issue accompany the motion. Although her supporting memorandum includes a section entitled "Statement of Undisputed Facts," it is not a separate document setting forth in

2

sequentially numbered paragraphs the material facts as to which she contends there is no genuine issue.  Without a separate statement of material facts, defendants have not, and could not be expected to, prepare a corresponding "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement."  LCvR 7(h)(1).

Defendants' motion better conforms to Local Civil Rule 7(h), as it includes a separate Statement of Material Facts Not In Dispute.  Plaintiff submits a statement of genuine issues, (ECF No. 99-44), but it is not a concise statement.  Certain of plaintiff's responses are pages long; some include excess language straying far beyond the facts defendants assert; others are presented as objections which do not clearly indicate whether plaintiff deems the fact disputed.

Plaintiff's *pro se* first amended complaint remains the operative pleading.  It presents considerable challenges for the parties and for the Court.  Although it identifies "[t]he defendant [as] the federal government agency that designs, prints and furnishes the US paper currency for delivery to the Federal Reserve System," (Am. Compl. ¶ 2), the caption lists the following defendants:

- Timothy Geithner, [former] Secretary of the Treasury
- Leonard Olijar, Chief Financial Officer
- The Department of the Treasury
- Bureau of Engraving & Printing
- Lorraine E. Robinson
- Gregory D. Carper
- Catherine Fager

Olijar currently is a Treasury employee and he was served at the Bureau of Engraving and Printing. (ECF No. 7). Robinson, Carper and Fager are retirees whose home addresses plaintiff provided to the Clerk of Court. (ECF No. 11). Review of the docket shows that Robinson and Carper were served (ECF No. 16-17); Fager was not (ECF Nos. 8, 18). Now that Carper has died, plaintiff asks that his personal representative be substituted as a party defendant. (ECF No. 121 ¶¶ 7, 9). These are indications that plaintiff intended to sue Olijar, Robinson, Carper and Fager in their official and individual capacities.

The first amended complaint sets forth few factual allegations and it is organized in such a way that the Court finds it difficult to identify precisely the legal claims plaintiff intends to bring and the facts on which she relies to support each claim. Nevertheless, it is the Court's obligation to construe liberally the pleadings of a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Richardson v. United States* 193 F.3d 545, 548 (D.C. Cir. 1999). A generous reading of the amended complaint suggests that plaintiff intends to raise the following claims:

- Discrimination based on race under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act
- Discrimination based on gender
- Disparate treatment
- Retaliation for prior EEO activity
- Hostile work environment
- Retaliatory hostile work environment
- Constructive discharge
- Violation of the District of Columbia Human Rights Act ("DCHRA")

Plaintiff proceeds as if Olijar, Robinson, Carper and Fager are sued in their individual capacities, and moves for partial summary judgment on DCHRA claims. Defendants assert that there is no DCHRA claim, and understandably so, given Judge Urbina's dismissal of the

DCHRA claim on sovereign immunity grounds.  Defendants are under the impression that they are sued in their official capacities only.  None has appeared or is represented in his or her individual capacity.

Defendants move for summary judgment on plaintiff's retaliation claims, presuming that a ruling in their favor ends this case.  However, a fair reading of the complaint suggests that other claims survive.  What those "other" claims are remains to be seen.  The Court is not inclined to rule on the merits of either motion without more clarity as to what claims plaintiff is bringing against which defendant(s).

Accordingly, it is hereby

ORDERED that Plaintiff's Motion for Partial Summary Judgment [82], Defendant's Motion for Summary Judgment [93], and Plaintiff's Motion for Substitution of Deceased Party Defendant [121] are DENIED WITHOUT PREJUDICE.

SO ORDERED.

DATE:  September 28, 2018               /s/
                                        EMMET G. SULLIVAN
                                        United States District Judge